PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:   510/832-5001
Facsimile:   510/832-4787

Attorneys for Plaintiff
GUY JONES

CRIS C. VAUGHAN, Esq. (SBN 99568)
Vaughan & Associates
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: 916/660-9401
Facsimile: 916/660-9378

Attorney for Defendants, ROSIE'S COUNTRY KITCHEN, LLC, (incorrectly sued herein as ROSIE'S COUNTRY KITCHEN, LLP); HOSHIAR GREWAL, SANDEEP SINGH and GURDIP KANDOLA, dba ROSIE'S COUNTRY KITCHEN, BABIR OJLA and MOHAN GIL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY JONES, | CASE NO. 2:09-CV-00913 WBS/KJM |
| Plaintiff, | <u>Civil Rights</u> |
| v. | CONSENT DECREE and [~~PROPOSED~~] ORDER |
| ROSIE'S COUNTRY KITCHEN, LLP; HOSHIAR GREWAL, SANDEEP SINGH, and GURDIP KANDOLA dba ROSIE'S COUNTRY KITCHEN; BABIR OJLA; MOHAN GILL; and DOES 1-10, Inclusive, | |
| Defendants. | |

1.   Plaintiff GUY JONES filed a Complaint in this

action on April 3, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants ROSIE'S COUNTRY KITCHEN, LLC, (incorrectly sued herein as ROSIE'S COUNTRY KITCHEN, LLP); HOSHIAR GREWAL, SANDEEP SINGH and GURDIP KANDOLA dba ROSIE'S COUNTRY KITCHEN, BABIR OJLA and MOHAN GIL, relating to the condition of their public accommodations as of Plaintiff's visit on or about January 23, 2009, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at Rosie's Country Kitchen restaurant, located at 10273 Folsom Blvd., Rancho Cordova, California.

2. Defendants ROSIE'S COUNTRY KITCHEN, LLC, (incorrectly sued herein as ROSIE'S COUNTRY KITCHEN, LLP); HOSHIAR GREWAL, SANDEEP SINGH and GURDIP KANDOLA dba ROSIE'S COUNTRY KITCHEN, BABIR OJLA and MOHAN GIL deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this

Consent Decree and Order for the purpose of resolving this lawsuit without the protracted litigation and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §§ 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against

1 Defendants for injunctive relief that have arisen out of
2 the subject Complaint.  The parties agree that there has
3 been no admission or finding of liability or violation of
4 the ADA and/or California civil rights laws, and this
5 Consent Decree and Order should not be construed as such.
6     6.  The parties agree and stipulate that the
7 corrective work will be performed in compliance with the
8 standards and specifications for disabled access as set
9 forth in the California Code of Regulations, Title 24-2,
10 and Americans with Disabilities Act Accessibility
11 Guidelines, unless other standards are specifically
12 agreed to in this Consent Decree and Order.
13       a) **Remedial Measures:**
14     (1) Defendants agree to perform corrective
15 work at Rosie's Country Kitchen, 10273 Folsom Blvd,
16 Rancho Cordova, California. The scope of the corrective
17 work agreed upon by the parties is detailed in the report
18 of Peter Margen dated October 22, 2009, attached here to
19 as **Attachment A.** Defendants  agree to undertake all of
20 the remedial work set forth therein.
21       b) **Timing of Injunctive Relief**: For    work
22 requiring permits, defendants will submit plans for all
23 corrective work to the appropriate governmental agencies
24 within 30 days of the entry of this consent decree by the
25 Court.  Defendants will commence work within 30 days of
26 receiving approval from the appropriate agencies.
27

Defendants will complete the work within 30 days of commencement. For work not requiring building permits, the work will be completed within 60 days of entry of this Consent Decree and Order by the Court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree. All work shall be completed by Defendants within six months of entry of this Consent Decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7. The parties have reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. Defendants will collectively pay the amount of $35,000 on or before December 17, 2009. This payment shall be in full satisfaction of Plaintiff's claims for all damages including personal injury, civil rights, and all other forms of damages, and all attorney fees, litigation expenses, and costs. Payments shall be made by check payable to "Paul L. Rein in trust for Guy Jones"

**ENTIRE CONSENT ORDER:**

8. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff GUY JONES ; Defendants ROSIE'S COUNTRY KITCHEN, LLC, (incorrectly sued herein as ROSIE'S COUNTRY KITCHEN, LLP); HOSHIAR GREWAL, SANDEEP SINGH and GURDIP KANDOLA dba ROSIE'S COUNTRY KITCHEN, BABIR OJLA and MOHAN GIL; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree

understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree.  Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of

Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently

known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs

1 later.

2 **SEVERABILITY:**

3 13. If any term of this Consent Decree and Order is
4 determined by any court to be unenforceable, the other
5 terms of this Consent Decree and Order shall nonetheless
6 remain in full force and effect.

7 **SIGNATORIES BIND PARTIES:**

8 14. Signatories on the behalf of the parties
9 represent that they are authorized to bind the parties to
10 this Consent Decree and Order.  This Consent Decree and
11 Order may be signed in counterparts and a facsimile
12 signature shall have the same force and effect as an
13 original signature.

14
15 Dated: December 17, 2009     PLAINTIFF GUY JONES

16
17                             __/s/ _____
                                GUY JONES
18
19
20 Dated: December 10 2009    ROSIE'S COUNTRY KITCHEN, LLC,
                              (incorrectly sued herein as ROSIE'S
                              COUNTRY KITCHEN, LLP)
21
22
23                           By:__/s/ Gurdip Kandola_____
24
25 Dated: December 12, 2009   DEFENDANTS HOSHIAR GREWAL, SANDEEP
                              SINGH and GURDIP KANDOLA dba ROSIE'S
                              COUNTRY KITCHEN
26
27

```
1   Dated: December 12, 2009,    /s/         _____
                                 HOSHIAR GREWAL
2

3

4   Dated: December 12, 2009     /s/         _____
                                 SANDEEP SINGH
5

6

7   Dated: December 10, 2009     /s/         _____
                                 GURDIP KANDOLA
8

9

10  Dated: December 10, 2009       /s/_____
                                 BABIR OJLA
11

12

13  Dated: December 10, 2009       /s/_____
                                 MOHAN GIL
14
```

APPROVED AS TO FORM:

Dated: December 15, 2009  PAUL L. REIN
                          CELIA McGUINNESS
                          LAW OFFICES OF PAUL L. REIN


                          By: ____/s/ Paul L Rein_____
                               Attorneys for Plaintiff
                               GUY JONES

Dated: December 14, 2009   CRIS C. VAUGHAN, Esq.
                            Vaughan & Associates


                            By:   /s/ Cris Vaughan
                            Attorneys for all Defendants

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: January 4, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

–11–